UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

JUL 0 5 2016

PER _____*M.L.L.*_____
DEPUTY CLERK

| | | |
|---|---|---|
| DARREN BOYER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-16-0149 |
| | : | |
| SGT. J. MALET, et al., | : | (Judge Kosik) |
| | : | |
| Defendants. | : | |

## MEMORANDUM

Darren Boyer filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 27, 2016. (Doc. 1.) He filed a supplement thereto on March 29, 2016. (Doc. 11.) Boyer is currently confined at the State Correctional Institution at Forest, Pennsylvania, and proceeds in forma pauperis in this matter. Named as Defendants are the following three (3) employees at SCI-Dallas, Plaintiff's former place of confinement: Sergeant J. Malet, Correctional Officer W. Smith, and Lieutenant A. Smorovski. In the complaint and supplement thereto, Boyer alleges that Defendants used excessive force against him in violation of the Eighth Amendment.

## I.    Background

On April 1, 2016, Defendants filed a motion to dismiss, or in the alternative for summary judgment, with respect to the complaint. (Doc. 13.) A brief in support of the motion was also filed. (Doc. 14.) Plaintiff thereafter filed a discovery request. (Doc. 15.) While counsel for Defendants is aware of the discovery request through

the docket, it does not appear that the discovery request was served upon defense counsel. Defendants did file a motion to stay discovery pending resolution of their pending motion. (Doc. 16.) A brief in support of the motion has also been filed. (Doc. 17.)

Instead of responding to any of Defendants' motions, Plaintiff filed a document entitled "Motion for Summary Judgment" with a sub-caption that reads "Motion for Partial Summary Judgment" (Doc. 18). He has also filed a brief in support of his motion. (Doc. 19.) Neither of these documents have been served on Defendants, and Defendants move to strike them on this basis. (Doc. 22.) Plaintiff has not responded to Defendants' motion to strike, which was filed in April. He has filed a motion seeking the appointment of counsel in this case. (Doc. 20.)

## II. Discussion

### A. Motion for counsel

In support of his request for counsel (Doc. 20), Boyer states as follows: (1) he is unable to afford a lawyer; (2) he is limited by his imprisonment; (3) he has no knowledge of the law; (4) he has limited law library access; (5) his issues are complex and will involve much research; (6) a trial is likely; and (7) he has tried to obtain a lawyer and has been unsuccessful. (Id.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997),

district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1).  Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law."  Montgomery, 294 F.3d at 499.  Without passing judgment as to the ultimate merits of Plaintiff's claims, for the sole purpose of these motions the court will assume that the case has arguable merit in law and the facts.

Upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Plaintiff's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted by Plaintiff in this case so far are clearly written and, although he fails to oppose Defendants' filings, he files documents on his own and knows the relief he seeks. Moreover, the legal issue presented is not overly complicated. Plaintiff clearly has the ability to litigate this action on his own. He does not argue, and it does not appear, that he has any difficulty preparing and filing documents in this action or that he is incapable of comprehending orders from the court. He is clearly literate and, while it is true that he is incarcerated, he clearly appears able to litigate this action on his own. Moreover, many of Plaintiff's concerns are premature at this time. It cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel. His pending motion for counsel will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly

4

filed motion.

**B.     Status of motion to dismiss or for summary judgment/
motion for partial summary judgment/motion to strike/
motion to stay discovery**

The court will first grant Defendants' motion to strike Plaintiff's filings of

April 22, 2016 (Doc. 22).  There is no doubt that Plaintiff did not serve his motion,

supporting brief and documents on Defendants.  The fact that Defendants may have

obtained them from the electronic docket is of no consequence.  It is Plaintiff's

responsibility to serve Defendants with the documents he files in this action.  As

such, the motion for summary judgment filed by Plaintiff on this date, along with the

supporting brief and documents, will be stricken from the record by the Clerk and

returned to Plaintiff. (Docs. 18, 19.)

To the extent part of Plaintiff's submission is also his brief in opposition to

Defendants' motion to dismiss, or in the alternative for summary judgment, it is non-

responsive and has not been served on Defendants.  As such, within fourteen (14)

days, Plaintiff shall serve his response to Defendants' motion to dismiss, or for

summary judgment, on Defendants.  Defendants will then have fourteen (14) days to

file their reply brief/supplement the reply brief submitted on April 22, 2016.  In the

meantime, Defendants' motion to stay discovery will be granted.  Defendants move to

dismiss or, in the alternative, move for summary judgment on the basis of exhaustion.

The documents sought by Plaintiff in his request for production would not assist him

in countering Defendants' motion.  Plaintiff basically seeks documents that go to the

underlying merits of the excessive force claim, and not with respect to the issue of

exhaustion.[1]  As such, the motion to stay discovery will be granted until plaintiff has

served his opposition to Defendants' motion on them, and the court has rendered a

decision on this potentially dispositive motion.  An appropriate order follows.

---

[1] For example, Plaintiff's Request for Production of Documents seeks items such as medical records, photographs, statements and prison records regarding the alleged assault. (Doc. 15.)  The requested documents go to the merits of the claim alleged in the complaint and do not address the basis of Defendants' motion, which is Plaintiff's failure to first exhaust his claims.