UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DARREN BOYER,                             :
                                          :
    Plaintiff,                            :
                                          :
  v.                                      :    CIVIL NO. 3:CV-16-0149
                                          :
SGT. J. MALET, et al.,                    :    (Judge Kosik)
                                          :
    Defendants.                           :

# MEMORANDUM

Plaintiff Darren Boyer filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 27, 2016.  (Doc. 1.)  Boyer is currently an inmate at the State Correctional Institution ("SCI") at Forest, Pennsylvania. Named as defendants are the following three officers at SCI-Dallas, Boyer's former place of confinement: J. Malet, W. Smith and A. Sromovski.[1]  Boyer has filed a supplement to the complaint (Doc. 11).  In the complaint and supplement thereto, he alleges that Defendants used excessive force against him in violation of the Eighth Amendment.  Presently pending is Defendants' unopposed motion to dismiss, or in the alternative for summary judgment (Doc. 13).  For the reasons that follow, the motion will be granted.

---

[1] Plaintiff incorrectly spells Andrew Sromovski's last name as "Smorovski."

**I.     Background**

In the complaint, Plaintiff alleges that while confined at SCI-Dallas, he was subjected to excessive force on December 12, 2015.  He claims that he was escorted to the trauma room by Defendants Malet and Smith and was instructed by Malet to sit on the trauma bed.  He told Malet two times that he was unable to get on the bed.  Plaintiff alleges that Malet shoved him on the bed.  As Plaintiff tried to sit up with handcuffs on, Malet then started to choke him while Defendant Smith held him down.  Malet and Smith then turned Plaintiff on his stomach, and Malet put his fingers in Plaintiff's eye and his thumb on Plaintiff's left temple.  Defendant Smith had his knee in Plaintiff's lower back, which Plaintiff states had only been healed for a few days.

The entire time this was happening, Plaintiff states that Defendant Sromovski was present and did nothing to stop the other Defendants or intervene.  Plaintiff states that Nurse Kimberly was also present, but was told by the Defendants not to say anything.  Plaintiff states he was crying out in pain the entire time from the excessive force and because his back had been reaggravated.  Defendant Malet then banged Plaintiff's head off of the medical cart three (3) times before Malet was escorted out by another officer.

Since the assault, Plaintiff states that he has been suffering from headaches and periods of "blank vision."  He also claims to experience lower back pain that shoots down his left leg when he takes a step.

In the complaint, he acknowledges that there is a grievance procedure at SCI-Dallas, and claims that he fully exhausted.  However, he then states that he requested forms from several unidentified officers and was ignored (Doc. 1 at 2).  He states that he filed this action since he did not have an available remedy.  (Id.)  He seeks compensatory damages and any other monetary damages and sanctions that the court deems just.

On March 29, 2016, approximately two (2) months after the complaint was filed, Plaintiff supplemented his complaint (Doc. 11).  Plaintiff sets forth the same allegations as in the original complaint, but adds that the transfer to SCI-Forest, which is further away from his family, was in retaliation for his refusal to drop the instant lawsuit.

On April 1, 2016, Defendants filed a motion to dismiss.  In the alternative, they seek summary judgment in this matter (Doc. 13).  The basis of the motion is Plaintiff's failure to exhaust his claims.  A brief in support of the motion has also been filed (Doc. 14).  Although the motion and brief have been served on Plaintiff, and he has been issued an order directing him to respond, he has failed to file any opposition (Doc. 25).

Prior to the court's order, Plaintiff filed his own partial motion for summary judgment and discovery requests.  However, these documents were stricken in that

3

they were not served on Defendants (Doc. 25).  Plaintiff was further advised that his filing, even if construed to be an opposition brief to Defendants' motion, was not proper in that he had not served his filing on Defendants.  Defendants' motion to stay discovery was granted, and Plaintiff's filings were stricken.[2]  He was given 14 days to oppose Defendants' motion.  (Id.)  The time has well expired, and Plaintiff has failed to do so.  As such, the motion will be deemed unopposed, addressed as one for summary judgment, and granted.[3]

## II.   Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In making this evaluation, the court must determine "whether the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and whether the moving party is therefore entitled to judgment as a matter of law."  MacFarlan v. Ivy

---

[2] The court further noted that the discovery propounded by Plaintiff went to the merits of the claims and did not seek any information with respect to the exhaustion issue.

[3] There is no need to first advise Plaintiff that the court is addressing the motion as one for summary judgment in that the motion is labeled as such, thereby placing Plaintiff on notice.  Because matters outside of the pleadings will be considered, the motion will be treated as one for summary judgment.

Hill SNF, LLC, 675 F.3d 266, 271 (3d Cir. 2012)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10, 91 L. Ed. 2d 202 (1986). "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." Roth v. Norfalco, 651 F.3d 367, 373 (3d Cir. 2011)(citing Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011)).

"[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006). The moving party has the burden of showing the absence of a genuine issue of material fact, but the nonmoving party must present affirmative evidence from which a jury might return a verdict in the nonmoving party's favor. Liberty Lobby, 477 U.S. at 256-57, 106 S. Ct. at 2514. Allegations made without evidentiary support may be disregarded. Jones v. UPS, 214 F.3d 402, 407 (3d Cir. 2000).

**III. Discussion**

In the instant case, Defendants claim that Plaintiff has failed to first exhaust his administrative remedies. They contend that Plaintiff's claims are barred by the Prison Litigation Reform Act ("PLRA") due to his failure to exhaust. It is well established that under the PLRA, a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291 (3d Cir. 2000). It has been made clear that the exhaustion requirement is mandatory. Woodford v. Ngo, 548 U.S. 81, 84-85 (2006); see also Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); Booth, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000)(same). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

"[I]t is beyond the power ... of any ... [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, 204 F.3d at 73 (quoting Beeson v. Fishkill Com Facility, 28

6

F.Supp.2d 884, 894-95 (S.D. N.Y. 1998)).  Proper exhaustion is also required prior to commencing any suit in federal court.  Woodford, 548 U.S. at 92.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure in the course of its proceedings."  Id. at 90-91.  Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim.  Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

In applying this procedural defect component of the exhaustion requirement, the Third Circuit has recognized that a prisoner's grievance should identify the specific persons who are later sued.  Spruill, 372 F.3d at 234; Williams v. Pennsylvania Dep't of Corrections, 146 F. App'x 554, 557 (3d Cir. 2005); Robles v. Casey, No. 1:10-CV-2663, 2013 WL 308699, *3 (M.D. Pa. Jan. 25, 2013); Ball v. Struthers, No. 1:11-CV-1265, 2012 WL 2946785, at *3 (M.D. Pa. July 19, 2012).  The grievance must also present the problems that the inmate wishes to have resolved by the prison.  See Ball, 2012 WL 2946785, at *10.

The PLRA seeks to give prison officials notice and an opportunity to first fix the alleged problems asserted by an inmate within the prison administration before filing a suit in federal court.  See Jones v. Bock, 549 U.S. 199, 204 (2007).  An

inmate must first utilize the internal system prior to initiating a federal lawsuit. See Spruill, 372 F.3d at 227.

The Pennsylvania Department of Corrections ("DOC") had a three-tiered grievance procedure set forth in DC-ADM 804. Plaintiff admits in his complaint that a grievance procedure existed at SCI-Dallas. A copy of this procedure is attached by Defendants to their motion (Doc. 14-1 at 6-40). Pursuant to this procedure, inmates are first encouraged to express their concerns to staff by written or verbal communication in an attempt to resolve the problems as soon as possible. Where the concern is unable to be resolved, the inmate may then seek initial review, an appeal to the Superintendent, and an appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") for final review (See Lucas Decl. ¶¶ 7, 8). Some courts have found that allegations of abuse do not have to be filed through all three levels of the DOC's grievance system pursuant to DC-ADM 804, if the inmate reports the abuse pursuant to DC-ADM 001, such as through the Office of Special Investigations and Intelligence ("OSH"). However, the Third Circuit has held that even if exhaustion is through DC-ADM 001 via OSH, the inmate must wait for the investigation to be complete before filing a complaint in federal court. See Victor v. Lawler, 565 F. App'x 126, 129 (3d Cir. 2014).

In the instant case, Defendants have submitted the declaration of Robin Lucas, the Corrections Superintendent's Assistant ("CSA") (Doc. 14-1 at 1, ¶ 1). Lucas

states that part of the responsibility as a CSA is that he serves as the Grievance Coordinator at SCI-Dallas (Id. ¶ 3). Upon being contacted by Defendants, Lucas conducted a search of the Automated Inmate Grievance Tracking System for all grievances submitted by Plaintiff. With respect to the claims raised in this action, Plaintiff did file a grievance (#604797) about an assault on December 12, 2015 by Defendant Malet in the trauma room. Defendants attach this grievance, as well as the response thereto (Id., Attach. B). Plaintiff was advised that an investigation with respect to his allegations would take place and was provided with a Notice of Investigation. He was told that an extension of time was necessary by the SCI-Dallas staff in the Security Office to investigate and respond to his allegations. The Security Office completed its investigation and determined that Plaintiff's allegations of abuse were unfounded (Doc. 14-1, Lucas Decl. ¶ 13).

The Security Office then forwarded the above results to the OSH for review. The OSH results have not yet been released. As such, Plaintiff's Grievance #604797 has not yet been responded to, in that the investigation is still ongoing and not yet complete. Once this happens, Plaintiff then has the ability to appeal any findings to the Superintendent and then the SOIGA if he is dissatisfied. In any event, since he has not heard the findings of the OSH yet, any federal complaint is premature. Even if Plaintiff is pursuing the allegations of abuse through DC-ADM 001, and not through DC-ADM 804 where the three levels of appeal are required, his federal

complaint is still premature in that he did not hear back yet from the OSH. Moreover, while Plaintiff has filed numerous grievances during his incarceration, none of them have been appealed to the final level of appeal - the SOIGA (Doc. 14-1 ¶ 18). As such, it is clear that the instant claims are unexhausted.

Plaintiff, despite being directed to do so, has failed to oppose Defendants' motion. While in his complaint he generally alleges that he was denied grievances, he has offered nothing to the court to support said allegation. On summary judgment, this is completely insufficient to create an issue of fact. In fact, the record evidence demonstrates that Plaintiff did file an initial grievance about this matter. As such, the instant motion will be deemed unopposed, and summary judgment on exhaustion will be granted in favor of the Defendants. An appropriate order will follow.